United States District Court
Southern District of Texas
FILED

AUG 1 6 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> v. § <br> BACHIR § <br> OSAMA ~~BALHIR~~ NAHAS (NC 08/22/2022) § <br> ISABEL MORENO PRUNEDA § | Criminal No. M-22-1311 |

## SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

### The Defendants and Related Entities and Individuals

1. OSAMA BALHIR NAHAS was a resident of Hidalgo County, Texas and a physician licensed to practice medicine in the State of Texas.

2. Crosspoint Medical Clinic was a medical clinic operated by OSAMA BALHIR NAHAS doing business in Hidalgo County, Texas and elsewhere.

3. ISABEL MORENO PRUNEDA was a resident of Hidalgo County, Texas and an employee of Crosspoint Medical Clinic.

### The Medicare Program

4. The Medicare Program ("Medicare") was a federally funded program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services, through its agency, the Centers for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare.

1

Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

5. Medicare covered different types of benefits, which were separated into different program "parts." Medicare "Part B" was a medical insurance program that covered, among other things, medical services provided by physicians, medical clinics, laboratories, and other qualified health care providers, such as office visits, and laboratory testing, that were medically necessary and ordered by licensed medical doctors or other qualified health care providers. Medicare "Part D" subsidized the costs of prescription drugs for Medicare beneficiaries.

6. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b) and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

## COUNT 1
## CONSPIRACY TO COMMIT HEALTH CARE FRAUD
### (18 U.S.C. § 1349)

7. Paragraphs 1 through 6 are incorporated herein by reference.

8. From in or about January 2016 and continuing through in or about December 2018, the exact dates being unknown, in the Southern District of Texas and elsewhere, defendants

**OSAMA BACHIR NAHAS**
and
**ISABEL MORENO PRUNEDA**

knowingly and willfully did combine, conspire, confederate and agree with each other and others known and unknown, to violate Title 18, United States Code, Section 1347, and to execute a scheme or artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and

2

under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits items and services.

### Purpose of the Conspiracy

9.  It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things, submitting and causing the submission of false and fraudulent claims to healthcare benefit programs, such as Medicare, and diverting proceeds of the fraud for the personal use and benefit of defendants and their co-conspirators.

### Manner and Means of the Conspiracy

10. The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

    a.  OSAMA BALHIR NAHAS and members of his staff, including ISABEL MORENO PRUNEDA, regularly traveled to various adult day care facilities located within Hidalgo County, Texas and elsewhere.

    b.  OSAMA BALHIR NAHAS paid kickbacks, or caused the payment of kickbacks, disguised as "rent," to gain access to Medicare beneficiaries at adult day care facilities.

    c.  Under the guise of providing medical services, OSAMA BALHIR NAHAS purported to examine patients at adult day care facilities.

    d.  Many of the patients examined by OSAMA BALHIR NAHAS at adult day care facilities had their own primary care physicians, who were not consulted prior to, or after, the patient's examination.

e.  Many of the patients examined by OSAMA BALHIR NAHAS at adult day care facilities lacked the capacity to consent to examinations, tests, or other procedures. OSAMA BALHIR NAHAS did not obtain the consent of guardians or caretakers prior to performing such examinations, tests, or other procedures.

f.  OSAMA BALHIR NAHAS, and others acting under his direction, including ISABEL MORENO PRUNEDA, offered enticements to patients at adult day care facilities, including "free" prescription medication, in exchange for agreeing to submit to examinations, tests, and other procedures.

g.  For patients purportedly examined by OSAMA BALHIR NAHAS at adult day care facilities, OSAMA BALHIR NAHAS, ISABEL MORENO PRUNEDA, and others gained access to such patients personally identifiable information ("PII"), including names, birthdates, addresses, and Medicare numbers.

h.  Marketer-1, a co-conspirator marketer, working with various laboratory testing companies, including Laboratory-1, paid kickbacks to OSAMA BALHIR NAHAS to induce OSAMA BALHIR NAHAS to order laboratory tests for patients at adult day care facilities.

i.  Marketer-1 and OSAMA BALHIR NAHAS falsely disguised kickback payments as payments for office and equipment rental.

j.  In exchange for the kickbacks from Marketer-1, OSAMA BALHIR NAHAS ordered, or directed the ordering of, laboratory tests for patients at adult day care facilities from laboratory testing companies associated with Marketer-1.

k.  Marketer-2, another co-conspirator marketer, paid kickbacks to ISABEL MORENO PRUNEDA in exchange for causing prescriptions for medication and orders for

laboratory testing services to be issued by OSAMA BALHIR NAHAS.

l. In exchange for the kickbacks from Marketer-2, ISABEL MORENO PRUNEDA completed, or caused to be completed, prescriptions for medication for patients at adult day care facilities in the name of OSAMA BALHIR NAHAS.

m. ISABEL MORENO PRUNEDA sent, or caused to be sent, prescriptions for medication to Pharmacy-1, a pharmacy located in or around San Antonio, Texas.

n. ISABEL MORENO PRUNEDA sent the prescriptions for medication to Pharmacy-1 without offering patients an option to send the prescription to a different pharmacy.

o. In some instances, patients at adult day care facilities were unaware that prescriptions were sent to Pharmacy-1 in their name, did not consent to the ordering of any such medications, and did not want or need the medication.

p. ISABEL MORENO PRUNEDA forged, or caused to be forged, patient signatures on forms related to the prescriptions sent to Pharmacy-1, including patient consent forms purporting to direct Pharmacy-1 to send patient medication to Crosspoint Medical Clinic instead of sending the medication directly to the patient.

q. When prescription medication was sent from Pharmacy-1 to Crosspoint Medical Clinic, ISABEL MORENO PRUNEDA, and others known and unknown, misappropriated the medication intended for the patient, at times providing the patient with a small portion of the medication for which Medicare was billed, or failing to provide the patient with any medication at all.

r.  In exchange for kickbacks from Marketer-2, and under the guise of providing medical treatment by OSAMA BALHIR NAHAS, ISABEL MORENO PRUNEDA also obtained urine and blood specimens from patients at adult day care facilities.

s.  Without patient knowledge or consent, ISABEL MORENO PRUNEDA sent, or caused to be sent, orders for laboratory testing services under the name of OSAMA BALHIR NAHAS to laboratory testing companies associated with Marketer-2.

t.  ISABEL MORENO PRUNEDA forged the signatures of adult day care patients on consent forms for laboratory testing services.

u.  OSAMA BALHIR NAHAS and ISABEL MORENO PRUNEDA directed blood and urine specimens to laboratory testing companies without patient consent.

v.  Adult day care patients often did not know their blood and urine specimens were sent to laboratory testing companies at the direction of OSAMA BALHIR NAHAS and ISABEL MORENO PRUNEDA.

w.  OSAMA BALHIR NAHAS and ISABEL MORENO PRUNEDA did not provide adult day care patients, or their primary care physicians, with the results of laboratory tests billed to Medicare.

x.  OSAMA BALHIR NAHAS and ISABEL MORENO PRUNEDA caused Medicare to be billed for false and fraudulent prescriptions for medication.

y.  OSAMA BALHIR NAHAS and ISABEL MORENO PRUNEDA caused Medicare to be billed for false and fraudulent laboratory testing services.

z.  In total, OSAMA BALHIR NAHAS and ISABEL MORENO PRUNEDA

caused Medicare to be billed for more than approximately $3.5 Million in prescriptions associated with Pharmacy-1 and laboratory testing companies associated with Marketer-1 and Marketer-2.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-8

### HEALTH CARE FRAUD
### (18 U.S.C. §§ 1347 and 2)

11. Paragraphs 1-6 and 10 are incorporated herein by reference.

12. On or about the dates listed below, the exact dates being unknown, in the Southern District of Texas and elsewhere, defendants

**OSAMA BACHIR NAHAS**
and
**ISABEL MORENO PRUNEDA**

along with others known and unknown, in connection with the delivery of and payment for health care benefits, items and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting interstate commerce, as defined in Title 18, United States Code, Section 24(b), that is Medicare, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Medicare, all in violation of Title 18, United States Code, Section 1347.

13. For the purpose of executing the scheme and artifice to defraud, and to aid and abet the same, defendants caused the transmission of the following false and fraudulent claims to Medicare, which were for the beneficiaries, items or services, approximate dates, and claim amounts listed below.

| Count | Beneficiary | Item or Service Ordered or Prescribed | Date (on or about) | Billing Entity | Medicare Claim Amount |
|---|---|---|---|---|---|
| 2 | H.A. | Drug Test | 9/19/2017 | Laboratory-1 | $1,758.00 |
| 3 | C.G. | Rx# 31319 | 8/18/2017 | Pharmacy-1 | $181.00 |
| 4 | J.G.S. | Rx# 31602 | 8/21/2017 | Pharmacy-1 | $138.07 |
| 5 | B.M. | Rx# 33483 | 10/10/2017 | Pharmacy-1 | $1,842.76 |
| 6 | J.M. | Drug Test | 9/26/2017 | Laboratory-1 | $2,008.00 |
| 7 | M.V. | Rx# 31354 | 8/21/2017 | Pharmacy-1 | $163.09 |
| 8 | P.P. | Drug Test | 11/16/2017 | Laboratory-1 | $2,008.00 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS 9-14

### AGGRAVATED IDENTITY THEFT
### (18 U.S.C. § 1028A and 2)

14. Paragraphs 1-6 and 10 are incorporated herein by reference.

15. On or about the dates listed below, the exact dates being unknown, in the Southern District of Texas, and elsewhere

**OSAMA BACHIR NAHAS**
and
**ISABEL MORENO PRUNEDA**

defendants herein, aided and abetted by each other and others known and unknown, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, to-wit, the date of birth, social security number, Medicare number, address, and other unique personally identifiable information of the beneficiaries set forth in the table below during and in

relation to a violation of Title 18, United States Code, Sections 1349 and 1347 (conspiracy to commit health care fraud, and health care fraud).

| Count | Beneficiary | Last 4 Digits of Social Security Number | Date (on or about) |
|---|---|---|---|
| 9 | H.A. | 9792 | 9/19/2017 |
| 10 | C.G. | 3116 | 8/18/2017 |
| 11 | J.G.S. | 6544 | 8/21/2017 |
| 12 | J.M. | 0458 | 9/26/2017 |
| 13 | M.V. | 1311 | 8/21/2017 |
| 14 | P.P. | 7199 | 11/16/2017 |

All in violation of Title 18, United States Code, Sections 1028A and 2.

### COUNT 15
### CONSPIRACY TO PAY AND RECEIVE ILLEGAL REMUNERATIONS
### (18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b))

16. Paragraphs 1-6 and 10 are incorporated herein by reference.

17. From in or around January 2016 and continuing through in or around December 2018, the exact dates being unknown, in the Southern District of Texas and elsewhere, defendants

**BACHIR OSAMA ~~BALHR~~ NAHAS**
and
**ISABEL MORENO PRUNEDA**

knowingly and willfully did combine, conspire, confederate and agree with each other and others known and unknown, to commit certain offenses against the United States, that is, to violate Title

9

42, United States Code, Section 1320a-7b(b)(1), by knowingly and willfully soliciting and receiving remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare and other Federal health care benefit programs; and for the purchasing, leasing, ordering, and arranging for, and recommending the purchasing, leasing, and ordering of any good, item, and service for which payment may be made in whole or in part by a Federal healthcare program; and

### Purpose of the Conspiracy

18. It was a purpose of the conspiracy for defendants, their co-conspirators, and others known and unknown, to unlawfully enrich themselves by paying and receiving kickbacks in exchange for the referral of prescriptions and laboratory tests for which third party entities submitted claims to Medicare.

### Manner and Means of the Conspiracy

19. The manner and means by which defendants and their co-conspirators sought to accomplish the objects of the conspiracy included, but were not limited to, the following:

   a. Marketer-1, a co-conspirator marketer, working with various laboratory testing companies, including Laboratory-1, paid kickbacks to OSAMA BALHIR NAHAS to induce NAHAS to order laboratory tests for patients at adult day care facilities.

   b. Marketer-1 and OSAMA BALHIR NAHAS falsely disguised kickback payments as payments for office and equipment rental.

   c. In exchange for the kickbacks from Marketer-1, OSAMA BALHIR NAHAS ordered, or directed the ordering of, laboratory tests for patients at adult day care facilities from laboratory testing companies associated with Marketer-1.

d. The laboratory testing companies associated with Marketer-1 billed Medicare for the laboratory tests ordered by OSAMA BALHIR NAHAS.

**OVERT ACTS**

20. In furtherance of the conspiracy, and to accomplish its object and purpose, the conspirators committed and caused to be committed, in the Southern District of Texas and elsewhere, the following overt acts:

a. On or about the dates set forth below, each of which constitutes a separate overt act, conspirator MARKETER-1 paid money drawn on a bank account at Wells Fargo Bank, account number ending in 9608, to the co-conspirators, in the approximate amounts listed below:

| Overt Act | Date (on or about) | Payee | Amount | Check No. |
|---|---|---|---|---|
| a.1 | 8/25/2017 | OSAMA BALHIR NAHAS | $3,000.00 | 5000 |
| a.2 | 9/6/2017 | ISABEL MORENO PRUNEDA | $1,200.00 | 1001 |
| a.3 | 9/28/2017 | OSAMA BALHIR NAHAS | $2,000.00 | 5001 |
| a.4 | 9/28/2017 | ISABEL MORENO PRUNEDA | $1,000.00 | 5002 |
| a.5 | 10/18/2017 | ISABEL MORENO PRUNEDA | $1,000.00 | 1105 |
| a.6 | 10/26/2017 | OSAMA BALHIR NAHAS | $2,000.00 | 1102 |
| a.7 | 11/15/2017 | ISABEL MORENO PRUNEDA | $2,000.00 | 1002 |

All in violation of Title 18, United States Code Section 371.

## NOTICE OF CRIMINAL FORFEITURE

### (18 U.S.C. § 982(a)(7))

The allegations contained in Counts 1-8 and 15 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(7).

Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of a conspiracy to violate section 1347 or 1349 in violation of Title 18, United States Code, Section 371, the defendants shall forfeit to the United States of America any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense(s).

## NOTICE OF CRIMINAL FORFEITURE

### (18 U.S.C. §§ 982(a)(2)(B) and 1028(b)(5))

The allegations contained in Counts 9-14 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b)(5).

Upon conviction of the offenses in violation of Title 18, United States Code, Section 1028 set forth in Counts 9-14 of this Indictment, the defendants, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s), and pursuant to Title 18, United States Code, Section 1028(b)(5), any personal property used or intended to be used to commit the offense(s).

## MONEY JUDGMENT

The United States gives notice that it will seek a money judgment against defendants.

## SUBSTITUTE ASSETS

In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendant up to the amount of the money judgment.

A TRUE BILL:

_____
FOREPERSON

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

_____
ANDREW R. SWARTZ
ASSISTANT UNITED STATES ATTORNEY